**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**

v.

**LOUIS SIMEON, Defendant**

Criminal No. 155—1954

District Court of the Virgin Islands

Div. of St. Thomas and St. John at
Charlotte Amalie

January 8, 1955

CROXTON WILLIAMS, Assistant United States Attorney, *for plaintiff*

WILLIAM W. BAILEY, Esq., *for defendant*

MOORE, *Judge*

This matter came on for hearing on motion to dismiss the information on the ground that defendant, by virtue of the charge in this case, Criminal No. 155—1954, and his trial and acquittal in Criminal No. 157 — 1953, is being put in double jeopardy of punishment in violation of section 3 of the (1954) Revised Organic Act of the Virgin Islands and in violation of the Fifth Amendment of the United States Constitution.

The Court has given due consideration to the arguments of the Assistant United States Attorney, Croxton Williams, Esq., on behalf of the People, and of counsel for defendant, William W. Bailey, Esq., and has also considered the briefs submitted by each attorney.

██ The briefs have gone extensively into the question of whether a proceeding to determine paternity and support of an illegitimate child is in the nature of a criminal or civil action, and whether the constitutional prohibition of double jeopardy is applicable. It is, however, unnecessary to look further than our own law to determine whether a bastardy proceeding is criminal or civil in nature, for section 12 of chapter 38 of Title V of the (1921) Code of the Municipality of St. Thomas and St. John (16 V.I.C. § 303), which deals exclusively with bastardy proceedings,

provides categorically that "All proceedings by virtue of this Chapter shall be considered in the nature of a criminal action." It is, therefore, the opinion of the Court that a charge under chapter 38 is tantamount to being charged with a criminal offense and that the rules of criminal law, including the prohibition of double jeopardy, are applicable to bastardy proceedings.

However, as to the question whether this defendant is placed in double jeopardy by reason of the prior trial for statutory rape and the present charge in the bastardy proceeding involving acts of intercourse with the same girl, there is one determining factor in the case, to wit: the difference in dates of the various charges.

The indictment for statutory rape in Criminal No. 157—1953 charged defendant with having unlawful sexual intercourse with one Phyllis Herbert, a female under 15 years of age, "on or about the 13th day of April, 1953". Defendant was tried for this offense and was acquitted by the jury. Now, in Criminal No. 155—1954, defendant in a bastardy proceeding is being charged with being the father of an illegitimate child born to the said Phyllis Herbert as a result of unlawful sexual intercourse committed "during the month of April, 1953, and subsequent thereto." This charge laid by the information was made more specific by a Bill of Particulars which set forth the following dates on which the People will attempt to establish that defendant had sexual intercourse with the complaining witness, Phyllis Herbert: "April 29, 1953; May 1, 1953; May 12, 1953 and May 29, 1953, with uncertain dates in between the 29th of May and June 12th, 1953."

The Court is of the opinion that each act of intercourse, which is alleged to have occurred on a different date, is a separate and distinct offense and that, therefore, defendant can be tried for each such offense without being put in double jeopardy. In the statutory rape case defend-

ant was tried only on the one charge of unlawful intercourse on the night of April 13th (carnival night). He is now being tried on charges of intercourse occurring on different dates subsequent to April 13th and sufficiently apart from the alleged offense of carnival night that there can be no identity or mistake of identity of the offenses.

█ Had the information alone, without the Bill of Particulars, been before the Court, defendant's motion would have been well taken, for the information charged him with having intercourse "during the month of April" which could possibly have included the night of April 13th on which defendant has already been tried and acquitted. But, since a Bill of Particulars has been filed showing dates in April different to and not including April 13, there is no identity of offenses and defendant cannot be said to be placed twice in jeopardy of life and limb or of punishment.

It is, therefore, the opinion of this Court that defendant cannot validly plead the defense of double jeopardy under the circumstances and his motion to dismiss the information on such ground will be denied.

Order may be drawn in accordance with this opinion.